IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PRINCE RICHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:16-cv-69-NJR-DGW |
| v. | ) | |
| | ) | |
| C. GLADYSE TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Certification of Class filed by Plaintiff, Prince Richard (Doc. 15). For the reasons set forth below, the Motion is **DENIED**.

In his motion for certification of class, Plaintiff complains that officials at Menard Correctional Center ("Menard") have placed bunk beds in a number of single cells without providing a ladder for him and other inmates to access the upper bunks. Plaintiff asserts that he and other inmates have hurt themselves while attempting to climb into their bunks. Plaintiff asks the Court to certify as a class those inmates who are similarly situated to him and suffered injury due to the failure of Menard to provide ladders for upper bunks.

Federal Rule of Civil Procedure 23(a) prescribes that one or members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. In this instance, despite asserting that "the number of inmates … is so numerous" that "joinder of all

class members is impracticable", Plaintiff has failed to demonstrate the requirements of Rule 23(a). More specifically, Plaintiff's motion is devoid of any evidence that his claims are typical of the claims of the class or that Plaintiff would fairly and adequately protect the interests of the class. Moreover, Plaintiff has failed to sufficiently demonstrate that the class is so numerous that joinder is impracticable as it is unclear how many individuals are similarly situated. As Plaintiff has failed to support the requirements of Rule 23(a), his Motion for Certification of Class (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 18, 2016**

                **DONALD G. WILKERSON**
                **United States Magistrate Judge**