# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRINCE RICHARD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-CV-69-NJR-DGW |
| C. GLADYSE TAYLOR, PAYNE, and WEXFORD HEALTH SERVICES, INC., TROST, JOHN DOE, and KIMBERLY BUTLER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 76), which recommends granting the motion for summary judgment filed by Defendants Trost, Wexford Health Services, Inc. ("Wexford") (Doc. 51), and C. Gladyse Taylor (Doc. 66); denying the motion for summary judgment filed by Defendants Kimberly Butler and Vicki Payne (Doc. 66); and dismissing Defendant John Doe (Doc. 76). The Report and Recommendation was entered on April 5, 2018 (Doc. 76). Defendant Butler filed a timely objection[1] to the Report and Recommendation on April 19, 2018 (Doc. 77), to which Plaintiff Prince Richard responded on May 11, 2018 (Doc. 84). For the following reasons,

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), parties shall have fourteen days after service of a United States magistrate judge's Report and Recommendation to file written objections to the Report and Recommendation.

the Court rejects the Report and Recommendation, in part, and adopts it, in part. The Court grants summary judgment for Defendants Trost, Wexford, Taylor, and Butler; denies summary judgment for Defendant Payne; and dismisses Defendant John Doe from the action.

## INTRODUCTION

On January 21, 2016, Prince Richard, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), filed a *pro se* prisoner civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Eighth Amendment rights (Doc. 1). Richard proceeds on the following two claims, which survived the Court's preliminary review (Doc. 10):

**Count 2 –** Defendants Taylor, Butler, Trost, Doe, Payne and Wexford exhibited deliberate indifference to Richard's serious medical needs in violation of the Eighth Amendment when they failed to treat the injuries he sustained after falling from the top bunk of his bed on January 18, 2015;

**Count 3 –** Defendants Taylor, Butler, Trost, Doe, and Payne exhibited deliberate indifference to Richard's serious medical needs in violation of the Eighth Amendment when they refused to issue him a low bunk or low gallery permit after he fell from the top bunk on January 18, 2015.

(Doc. 1, pp. 5-32).

## THE REPORT AND RECOMMENDATION

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

*Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

Magistrate Judge Wilkerson concluded that Defendant Trost, the medical director at Menard, was entitled to summary judgment because he never treated Richard as a

patient and cannot incur liability merely because of his status as Menard's medical director.

Magistrate Judge Wilkerson also determined that Defendant Wexford was entitled to summary judgment because Richard did not introduce sufficient evidence to support his claims that Wexford has a policy of treating pain with generic Tylenol, Motrin, or Ibuprofen, regardless of the severity of the symptoms. He further opined that Defendant Taylor was entitled to summary judgment because Richard did not inform her of his problems obtaining proper pain medication or a low bunk permit.

Magistrate Judge Wilkerson concluded that Defendant Butler was not entitled to summary judgement because material issues of fact exist as to whether Butler was aware of and disregarded a serious risk of harm to Richard. Richard submitted several letters addressed to Butler complaining about his medical treatment and his difficulties obtaining a low bunk permit, although Butler maintains she never received the correspondences. Richard marked these letters as exhibits and testified about them at deposition. Magistrate Judge Wilkerson rejected Defendant Butler's argument that she cannot be held liable because she relied on a treating physician's opinion and could not make medical decisions herself. Magistrate Judge Wilkerson concluded there was no evidence Butler relied on a physician's opinion and, nonetheless, she had authority to direct the medical staff to provide Richard further treatment.

Magistrate Judge Wilkerson also found that Defendant Payne was not entitled to summary judgment because material issues of fact exist as to whether she received and

failed to respond to Richard's grievances. Payne argued she could not be held liable because she has no authority to make medical decisions. Magistrate Judge Wilkerson refused this contention and held she could still be deliberately indifferent for knowing of Richard's allegations and failing to address them.

Lastly, Magistrate Judge Wilkerson recommends the Court dismiss Defendant John Doe because Richard failed to move to amend his complaint to add John Doe's identity by the imposed deadline.

## DISCUSSION

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Mendez v. Republic Bank*, 725 F.3d 651, 662 (7th Cir. 2013). Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

Defendant Butler, the warden at Menard, was the only Defendant who filed an objection to the Report and Recommendation (Doc. 77). The Court will review her

specific objections *de novo* and review the remaining portions of the Report and Recommendation for clear error.

Richard asserts Defendant Butler was deliberately indifferent to his medical needs because she ignored his complaints about his medication and problems obtaining a low bunk permit. To state an Eighth Amendment claim for cruel and unusual punishment based on medical deliberate indifference, a prisoner must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference to a prisoner's serious medical needs occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists but disregards that risk. *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005). A warden is not liable for deliberate indifference just because she serves in a supervisory capacity. *See Jones v. Drew*, 221 F. App'x 450, 454 (7th Cir. 2007). Rather, the warden must know about the wrongful conduct and "facilitate it, approve it, condone it, or turn a blind eye." *Id.*

Defendant Butler first objects that Richard cannot impute liability to her merely by sending her letters complaining about his conditions. The Seventh Circuit has found that an inmate's letters to a warden raising grievances about his conditions may establish a basis for a Section 1983 claim and create a triable issue of fact on deliberate indifference. *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996). However, the inmate "has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to

alert him or her to an excessive risk to inmate health or safety." *Vance*, 97 F.3d at 993 (internal quotations and citations omitted).

Richard testified he submitted several letters and grievances to Defendant Butler describing his inability to obtain proper medication and a low bunk permit (Doc. 52, Ex. 3, pp. 15-19). But "[t]he fact that [Richard] sent a letter or letters to [the warden] is insufficient to create a genuine issue of material fact . . ." *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006) (overturned on other grounds by *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013)). The record must indicate Butler actually received and read the correspondences. *Id.* Here, it does not.

Defendant Butler attests she did not receive the letters (Doc. 67, Ex. 5), and she produces a grievance log from March 2015 through March 2016 that shows her office only received grievances from Richard that are unrelated to this case (Doc. 67, Ex. 7). An office associate from Menard who was responsible for maintaining inmate correspondences with the warden's office also declared she searched for, but could not locate, any letters from Richard during the relevant period (Doc. 67, Ex. 2). She submitted the "Inmate Kit Log" for the warden's office to substantiate her claims (Doc. 67, Ex. 3).

Richard does attach a letter to his complaint that he received from the Office of Health Services responding to his claims of inadequate medical care, on which Defendant Butler was carbon copied (Doc. 1, p. 35). Once again, however, there is no indication Butler received and read the letter, and the letter only states that the medical

providers at Menard *did* provide Richard appropriate medical care (*Id.*). Richard ultimately admits that he does not know, and has "no way of knowing," whether Defendant Butler actually received his letters (Doc. 52, Ex. 3, p. 15; Doc. 84, p. 6)

In sum, the record is void of any indication that Defendant Butler was aware of Richard's complaints from his letters, grievances, or otherwise. There is insufficient evidence for a jury to find Defendant Butler was deliberately indifferent to Richard's medical needs. Accordingly, summary judgment is warranted in her favor. *See Jones*, 221 F. App'x at 454 (affirming summary judgment for a warden where there was no evidence the warden personally received or read the communications since he delegated review of prisoner complaints to others within his office); *Johnson v. Snyder*, 444 F.3d at 584 (affirming summary judgment against a prison director where there was no evidence he actually read the communications or had any subjective awareness of the inmate's conditions).

The Court has thoroughly reviewed the record for clear error as to the remaining portions of Magistrate Judge Wilkerson's Report and Recommendation and finds none.

## Conclusion

For these reasons, the Court **REJECTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 76) to the extent it recommends denying summary judgment for Defendant Butler and **GRANTS** the motions for summary judgment filed by Defendants Trost and Wexford (Doc. 51), and Butler and Taylor (Doc. 66). The Court **DENIES** the

motion for summary judgment filed by Defendant Payne (Doc. 66). Finally, the Court **DISMISSES** Defendant John Doe.

The Court **DIRECTS** Magistrate Judge Wilkerson to recruit counsel to represent Richard at trial and to notify the undersigned when the case is ready to be reset on the trial calendar. Because counsel will be recruited for trial, the Court **DENIES** as moot the pending motions to appoint counsel (Docs. 50, 78, and 81).

**IT IS SO ORDERED.**

DATED: September 13, 2018

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**